Town of Brattleboro v. DeAngelo, No. 147-4-05 Wmcv  (Carroll, J., June 30, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

[Karen R. Carroll, Judge, June 30, 2005]

| | |
|---|---|
| **STATE OF VERMONT** | **WINDHAM SUPERIOR COURT** |
| **WINDHAM COUNTY, SS.** | **DOCKET NOS.**     **147-4-05Wmcv** |
| | **137-4-05Wmcv** |

**TOWN OF BRATTLEBORO,**
       **Plaintiff**


              **V.**


**PATRICIA DEANGELO, et al,**
       **Defendants**


              **and**


**STEVEN K-BROOKS,**
       **Plaintiff**


              **V.**


**TOWN OF BRATTLEBORO,**
       **Defendant**

<u>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**</u>
<u>**AND TOWN'S MOTION TO DISMISS**</u>

The above two Cases have been consolidated by the Court as the parties in each case

request that the Court determine, by Declaratory Judgment, whether the Town of Brattleboro is

required to hold a special election for purposes of replacing a Selectboard member who resigned

the day after the last town wide election.  The cases are before the Court on Motions for

Summary Judgment and the Town's Motion to Dismiss in Docket No. 137-4-05Wmcv.[1]

**Background**

The facts underlying this action are not contested. On March 1, 2005, the Town of Brattleboro (the "Town") held a regularly scheduled election. The next day, a member of the Selectboard resigned, leaving a vacancy on the Board. Citing the Town Charter, the Selectboard responded by interviewing potential candidates who wished to fill the vacancy and then appointing one of the interested parties to the position until the next regularly scheduled election in March 2006. Petitioners, residents of the Town, requested that the Selectboard hold a special election to fill the vacant position. The parties sought clarification from this Court as to the requirement to hold a special election for purposes of filling the vacant seat on the Selectboard.

**Conclusions of Law**

Summary judgment is appropriate if, viewing the evidence favorably to the non-moving party and giving it the benefit of all reasonable doubts and inferences, the Court determines that there are no genuine questions of material fact and the moving party is entitled to judgment as a matter of law. See Select Designs, Ltd. v. Union Mut. Fire Ins. Co., 165 Vt. 69, 72 (1996). In this matter, competing motions for summary judgment have been filed.

The Court must first consider the applicable provisions which relate to the filling of vacancies on the Selectboard. There are two. The Brattleboro Town Charter ("Charter") provides that:

When a vacancy occurs on the board, the remaining selectboard shall fill the

---

[1]Due to the number of parties involved, the Court, in this opinion, will refer to the Defendants in Docket No. 147-4-05Wmcv and Plaintiff in Docket No. 137-4-05 jointly as "Petitioners."

2

vacancy *by appointment until the next election.* If there is more than one vacancy, the board shall call a special election to fill the vacancies *for the remainder of the terms.* Such election shall be held not less than forty (40) nor more than sixty (60) days following the occurrence of the vacancies. (Italics added)

Charter, Article IV, Section 4( c). This section of the Charter was amended in 2003 and the above language, in italics, was added.

By comparison, the applicable Vermont statute, at 24 V.S.A. §963, states:

When a vacancy occurs in any town office, the selectpersons forthwith by appointment in writing shall fill such vacancy until an election is had; except that in the event of vacancies in a majority of the board of selectpersons at the same time, such vacancies shall be filled by a special town meeting called for that purpose.

The Town argues that the more specific Charter controls and clearly expresses the intent that filling a vacancy of one Selectboard member is by appointment until the next scheduled election. Further, the Town argues, when the Charter was amended in 2003, it was with the intent to make clear that the filling of one vacant Selectboard seat is by appointment *until the next election,* referring to the next regularly scheduled election, and that the added language substantiates this intent.

Petitioners argue that the statute, referring to "an" election, requires that there be an appointment of a new Selectboard member only until a special election can be held. Further, Petitioners argue, that since "[a] town at a special meeting may fill a vacancy in a town office," pursuant to 24 V.S.A. §962, the "legislative body may warn a special municipal meeting when they deem it necessary and shall call a special meeting on the application of five percent of the voters." 17 V.S.A. §2643(a). Petitioners argue that the Town was obligated to convene a special town meeting for the purpose of filling the vacant seat on the Selectboard.

3

Despite arguments by the parties to the contrary, the Court has found a very common thread between the Charter and the statute. Both provisions delineate a separate and different procedure to be used depending upon how many vacancies exist on a board. Although the Charter draws the line at more than one vacancy and the statute refers to vacancies representing a majority of the board, the intent of both the Charter and statute is clear: a vacancy of one (Charter) or vacancies representing less than a majority (statute) may be filled by the board by appointment. Only when the vacancies are more than one (Charter) or represent a majority of the board (statute) must a special town election be called.

General rules of statutory construction are useful. The Court must "accept the plain meaning as the intent of the Legislature without looking further." Town of Killington v. State, 172 Vt. 182, 188 (2001). A court examines legislative history only where the meaning of the statute cannot be determined from the words alone. In re Appeal of Department of Buildings and General Services, 176 Vt. 41, 47 (2003). Where the meaning of the statute is clear and unambiguous, the court should apply the plain meaning of the statute. DJ Painting, Inc. v. Baraw Enterprises, 172 Vt. 239, 247 (2001). "In cases where the plain meaning of the words is not obvious, [the court looks] to the 'whole of the statute and every part of it, its subject matter, the effect and consequences, and the reason and spirit of the law.'" MacDonough-Webster Lodge No. 26 v. Wells, 175 Vt. 382, 385 (2003)[citing Sagar v. Warren Selectboard, 170 Vt. 167, 171 (1999)]. Finally, statutes must be construed so as not to result in absurd or irrational consequences. Id.

In examining the totality of 24 V.S.A. §963, and considering its plain meaning, one may reasonably assume that the legislature intended to provide for a special meeting/election only in

4

the event that a majority of the board became vacant. The first part of the statute, wherein it states that the remaining board members may appoint a member to a vacancy which does not represent a majority, requires a different process. The legislature utilized the "special town meeting" language in the second half of the statute and could have easily done so in the first, had it chosen to. Construing the words "*an* election" in the first half of the statute to require a special election when the legislature specifically required one in the latter part of the statute would produce an absurd result. Indeed, there would have been no reason for the legislature to write the statute in two parts if the intent was to always mandate a special election upon *any* vacancy on a selectboard. The distinction in procedures appears intentional. The Court must presume that "language is inserted in a statute advisedly" and the Court does not "construe the statute 'in a way that renders a significant part of it pure surplusage.'" Trombley v. Bellows Falls Union High School District No. 27, et al, 160 Vt. 101, 104 (1993)[citing State v. Beattie, 157 Vt. 162, 165 (1991)].

Turning to the Charter, the interpretation is far more simple. When amended in 2003, the Town specifically added the language to the Charter to make clear that an appointment of one member would be effective until the next election and that filling the vacancies of two members would require a special election. Again, the Charter provision is in two parts, one requiring a special election and one with no such requirement. It is important evidence when considering the Charter that the section in question was amended in 2003 to specifically add the language "by appointment until the next election." This amendment makes the Charter's intent even more clear.

The parties have focused much of their arguments on whether the Charter or the statute

5

controls. The Court finds that resolution of this issue is a needless exercise. As stated above, the plain language of both the Charter and statute require a special election only in the event that more than one vacancy exists. Only in the event that there was more than one vacancy on the Selectboard would the Court be required to decide whether the language of the Charter or the statute controls, since this is where they differ. There is one vacancy to be filled and that may be done by appointment, under both the Charter and statute, until the next regularly scheduled election in March 2006.

Likewise, the Town is not required to hold a special town meeting pursuant to the request of Petitioners. While 17 V.S.A §2643(a) states that the Selectboard may hold a special municipal meeting when they deem it necessary and shall call a special meeting upon application by 5% of the voters, another section of the Title states that "Where the charter of a municipality provides for procedures other than those established by this chapter, the provisions of that charter shall prevail." 17 V.S.A. §2631. Here, the Charter provides for a different procedure when appointment of one Selectboard member is at issue. The Charter, as discussed in detail above, provides for appointment of one member and for a special election when two seats are vacant. Therefore, the provisions of the Charter shall prevail.

There are no contested issues of material fact in this case. Construing the facts in favor of the nonmoving party in each summary judgment motion, the Court finds that the Town of Brattleboro is entitled to judgment as a matter of law in Docket No. 147-4-05Wmcv and Docket No.137-4-05Wmcv on the issue of the requirement of a special election to fill the one vacant seat on the Brattleboro Selectboard. The Court finds that the vacancy was properly filled by appointment by the Selectboard and that there was no requirement for a either a special election

6

or additional special meeting.

The Court must also address the claim in Petitioner Brooks' complaint that the Town did not properly warn an April 4, 2005 meeting for the purpose of interviewing candidates for appointment to the vacant Selectboard seat. The Town has filed a Motion to Dismiss this particular claim. While acknowledging a defect in warning, which was pointed out by the Selectboard at the meeting, the Town argues that in order for Petitioner to bring a claim under the Open Meeting Law, he must make a showing of injury to obtain relief.

A private right of action alleging an Open Meeting Law violation may be brought in the Superior Court by a person aggrieved by a violation of the provisions of law. The Vermont Supreme Court, in construing this statute has held that "We need not define 'aggrieved' in order to hold that plaintiffs must make some showing of injury to obtain relief." Trombley v. Bellows Falls Unin High School District No. 27, et al, 160 Vt. at 106. In this case, the purpose of the April 4, 2005 meeting was to interview potential candidates for appointment to the vacant Selectboard seat. Petitioner has failed to show how he was "aggrieved" by this action; he has not made any proffer of injury resulting from the inadequate warning. Indeed, no action was taken by the Selectboard at this meeting with regard to appointment. The meeting was merely a screening process used to further that end. Because Petitioner has failed to make the requisite showing which would entitled him to relief, the Town's Motion to Dismiss must be granted.

## **ORDER**

1. The Town's Motion for Summary Judgment is **GRANTED** and the Court hereby declares that the Brattleboro Selectboard properly appointed a member to fill the one vacant seat on the Board without the requirement of a special meeting or election.

2. Petitioners' Motions for Summary Judgment are **DENIED**.

7

3.  The Town's Motion to Dismiss the Open Meeting Law claim filed by Petitioner Brooks is **GRANTED**.

Dated:

_____
Karen R. Carroll
Presiding Judge